NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

08-1473

NATASHA SIMONA A. BENOIT, ET AL.

VERSUS

J. MICHAEL WOODERSON

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT,
PARISH OF LAFAYETTE, NO. C-2006-0662, DIV. F
HONORABLE GLENNON P. EVERETT, DISTRICT JUDGE

**********

J. DAVID PAINTER
JUDGE

**********

Court composed of Sylvia R. Cooks, Marc T. Amy, and J. David Painter, Judges.

AFFIRMED.

Barry L. Domingue
Simon Law Offices
P.O. Box 52242
Lafayette, LA 70505
Counsel for Plaintiffs-Appellants:
    Natasha Simona A. Benoit and Kimberly G. Racca

Charles E. Soileau, Attorney at Law
P.O. Box 5
Rayne, LA 70578-0005
Counsel for Defendant-Appellee:
    J. Michael Wooderson

**PAINTER, Judge.**

Plaintiffs, Natasha Simona A. Benoit and Kimberly G. Racca, individually and as natural tutrix of the minor, Brittany Lynn Benoit, appeal the dismissal of their legal malpractice suit against Defendant, J. Michael Wooderson, on the ground of prescription. For the following reasons, we affirm the judgment rendered in favor of Defendant.

## FACTUAL AND PROCEDURAL BACKGROUND

Bryan Benoit, the father of Natasha and Brittany, was murdered on February 11, 1997. Natasha, who was a minor at the time of Bryan's death, through her grandfather and tutor, Norbert Benoit, and Brittany, through her mother and natural tutrix, Kimberly, retained the services of Barry L. Domingue to represent them in their wrongful death against Floyd Flugence, the man who was convicted for the murder of their father. After suit was filed, Domingue withdrew as counsel, and J. Michael Wooderson enrolled as counsel for Plaintiffs. Shortly after his enrollment, one of the defendants in the wrongful death suit was dismissed on summary judgment, which was signed April 23, 2002. Wooderson filed a timely motion for appeal, but said appeal was dismissed by judgment signed November 13, 2002 and filed on November 13, 2002. Notice of this dismissal was sent to Norbert and Kimberly on or about November 20, 2002.

Natasha, who had reached the age of majority, and Kimberly, on behalf of her minor daughter, Brittany, filed this legal malpractice suit on February 8, 2006, alleging that Wooderson failed to take any action in the wrongful death litigation for a period of over three years causing an abandonment of their action. Wooderson filed an exception of prescription alleging that any cause of action arose three years prior

1

to the filing of the suit against him. Following a hearing, at which testimony was given and evidence was received, the trial court granted the exception of prescription. The trial court specifically found that Kimberly terminated Wooderson's representation of her and that Wooderson properly took no action after February 20, 2003, such that any claim for malpractice would commence to run from that date, at the latest. Plaintiffs now appeal, asserting that the trial court's factual findings regarding Wooderson's discharge and their failure to communicate and monitor their case were manifestly erroneous.

## DISCUSSION

Plaintiffs seek a de novo review of their case, however, the Louisiana Supreme Court has set forth the standard of review applicable to this case:

> When prescription is raised by peremptory exception, with evidence being introduced at the hearing on the exception, the trial court's findings of fact on the issue of prescription are subject to the manifest error-clearly wrong standard of review. *Carter v. Haygood*, 04-0646 (La.1/19/05), 892 So.2d 1261, 1267. Under the manifest error standard of review, a factual finding cannot be set aside unless the appellate courts [sic] finds that it is manifestly erroneous or clearly wrong. *Smith v. Louisiana Dept. of Corrections*, 93-1305 (La.2/28/94), 633 So.2d 129, 132; *Stobart v. State through Dept. of Transp. and Development*, 617 So.2d 880, 882 (La.1993); *Rosell v. ESCO*, 549 So.2d 840, 844 (La.1989). In order to reverse a fact finder's determination of fact, an appellate court must review the record in its entirety and (1) find that a reasonable factual basis does not exist for the finding, and (2) further determine that the record establishes that the fact finder is clearly wrong or manifestly erroneous. *Id*. The appellate court must not re-weigh the evidence or substitute its own factual findings because it would have decided the case differently. *Id*.; *Pinsonneault v. Merchants & Farmers Bank & Trust Co.*, 01-2217 (La.4/3/02), 816 So.2d 270, 278-79. Where there are two permissible views of the evidence, the fact finder's choice between them cannot be manifestly erroneous or clearly wrong. *Id*.

*London Towne Condo. Homeowner's Assoc. v. London Towne Co.*, 06-401, pp. 4-5 (La. 10/17/06), 939 So.2d 1227, 1231.

2

Louisiana Revised Statutes 9:5605 provides, in pertinent part, as follows:

A. No action for damages against any attorney at law duly admitted to practice in this state, any partnership of such attorneys at law, or any professional corporation, company, organization, association, enterprise, or other commercial business or professional combination authorized by the laws of this state to engage in the practice of law, whether based upon tort, or breach of contract, or otherwise, arising out of an engagement to provide legal services shall be brought unless filed in a court of competent jurisdiction and proper venue within one year from the date of the alleged act, omission, or neglect, or within one year from the date that the alleged act, omission, or neglect is discovered or should have been discovered; however, even as to actions filed within one year from the date of such discovery, in all events such actions shall be filed at the latest within three years from the date of the alleged act, omission, or neglect.

We have recognized that "[t]hough different in their operation, the relatedness of the two theories justifies application of prescription's burden-shifting principles enunciated in the jurisprudence to peremption." *Dauterive Contractors, Inc. v. Landry & Watkins*, 01-1112, p. 16 (La.App. 3 Cir. 3/13/02), 811 So.2d 1242, 1253. Thus, "when the plaintiff's petition is perempted on its face, the burden shifts to the plaintiff to show why the claim has not peremptred." *Id*.

In *Campo v. Correa*, 01-2707, pp. 11-12 (La.6/21/02), 828 So.2d 502, 510-511 (citations omitted), the Louisiana Supreme Court said:

Prescription commences when a plaintiff obtains actual or constructive knowledge of facts indicating to a reasonable person that he or she is the victim of a tort. A prescriptive period will begin to run even if the injured party does not have actual knowledge of facts that would entitle him to bring a suit as long as there is constructive knowledge of same. Constructive knowledge is whatever notice is enough to excite attention and put the injured party on guard and call for inquiry. Such notice is tantamount to knowledge or notice of everything to which a reasonable inquiry may lead. Such information or knowledge as ought to reasonably put the alleged victim on inquiry is sufficient to start running of prescription.

Plaintiffs contend that that the trial court erred in finding that Wooderson's representation was terminated by Kimberly's phone call of February 20, 2003. In that

3

phone call, she requested a return of her "materials." Wooderson's secretary testified that it is was her impression from this phone call that Wooderson was fired, even though Kimberly did not use those words. Kimberly denied making the call and testified that she never terminated his services or had the intention to terminate his services. The trial judge made a credibility determination in finding that Wooderson's services were terminated, and since there are two permissible views of the evidence, we can find no manifest error in this determination.

Norbert testified, through affidavit and sworn statement, that he did not want to pursue the suit on behalf of Natasha. Wooderson wrote numerous letters to his clients suggesting that the underlying file be closed. He received no response from Kimberly to his letters or his phone calls.

A copy of the dismissal of the appeal was mailed to Norbert and Kimberly on November 20, 2002. Kimberly called Wooderson's office on February 20, 2003. We find that the notice of the dismissal coupled with Wooderson's correspondence to Norbert and Kimberly amounted to constructive knowledge in that it was "enough to excite attention and put the injured party on guard and call for inquiry." *Campo*, 822 So.2d at 511. We agree with the trial court that, at the latest, on February 20, 2003, Kimberly had constructive knowledge. Thus, suit should have been filed within one year of that date.

Plaintiffs contend that the date of Wooderson's "final act of malpractice" was the date on which the underlying wrongful death suit abandoned, July 1, 2002, and that they had no cause of action against Wooderson until then because they "had every reason to believe that he was pursing their claims." They point to the stipulation that the last date on which Wooderson took any action was July 1, 2002.

4

We find no merit in this argument since we find that Plaintiffs knew or should have known that no action was being taken as of November 20, 2002, at the earliest, or February 20, 2003, at the latest.

## DECREE

For all of the foregoing reasons, we affirm the trial court's judgment dismissing the Plaintiffs' claims against Wooderson. Costs of this appeal are assessed against Plaintiffs.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION. Uniform Rules—Courts of Appeal. Rule 2-16.3.